**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5125**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DANIEL GILVAJA-LEON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00036-FDW-1)

Submitted:  September 30, 2008      Decided:  November 19, 2008

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Peter S. Adolf, Emily Marroquin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina; Matthew R. Segal, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Gilvaja-Leon appeals the fifty-seven month sentence the district court imposed after he pled guilty to one count of illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). For the following reasons, we affirm.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence). This presumption can be rebutted only by showing that "the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d

- 2 -

375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

Gilvaja-Leon first contends that the district court improperly applied a presumption of reasonableness in determining his sentence, which was at the top of the guideline range. In Rita, the Supreme Court limited application of the presumption as follows: "the presumption before us is an *appellate* court presumption. Given our explanation in Booker, that appellate 'reasonableness' review merely asks whether the trial court abused its discretion, the presumption applies only on appellate review." Rita, 127 S. Ct. at 2465. Our review of the record reveals that although the district court mentioned the presumption, it did not apply it when determining Gilvaja-Leon's sentence. Rather, the court correctly calculated the guideline range, treated the guidelines as advisory, and, as discussed in more detail below, considered the § 3553(a) factors in determining Gilvaja-Leon's sentence. Accordingly, this argument fails.

Gilvaja-Leon next asserts that the district court erred in refusing to consider all of the factors set forth in § 3553(a), specifically § 3553(a)(2)(D). A district court must explain the sentence it imposes sufficiently for this court to effectively review its reasonableness but need not mechanically discuss all the factors listed in § 3553(a). Montes-Pineda, 445 F.3d at 380. The court's explanation should indicate that it considered the

§ 3553(a) factors and the arguments raised by the parties.  Id.  We do not evaluate the adequacy of the district court's explanation "in a vacuum" but consider "[t]he context surrounding a district court's explanation."  Id. at 381.

In this case, the district court explicitly stated that it considered all of the § 3553(a) factors and highlighted in particular Gilvaja-Leon's violent criminal history.  The district court found that Gilvaja-Leon's record made clear that he had no respect for the law, and the court therefore concluded it necessary to protect the public from further crimes.  Simply because the district court may have weighed the § 3553(a) factors differently than Gilvaja-Leon desired does not establish that the district court erred in imposing Gilvaja-Leon's sentence.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED